UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AXIOM WORLDWIDE, INC., et al.,

        Plaintiffs,

vs.                                                   Case No. 8:08-cv-1918-T-27TBM

CARLOS BECERRA, et al.,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** are: (1) Defendant Carlos Becerra's Motion to Dismiss or in the Alternative for an Indefinite Stay (Dkt. 70), in which Defendants Disc Force, Inc., Eric Kaplan, D.C., Spinal Aid Centers of America, Inc., and Frank Liberti, D.C. have joined (Dkts. 71-73, 75), and to which Plaintiffs have responded in opposition (Dkt. 78); (2) Defendants Spinal Aid Centers of America, Inc. and Frank Liberti, D.C.'s Motion for More Definite Statement and Motion to Dismiss (Dkt. 50), to which Plaintiffs have responded in opposition (Dkt. 55); (3) Defendants American Back Solutions, Inc. and Ronald Sheppard, D.C.'s Motion to Dismiss First Amended Complaint or in the Alternative Motion for a More Definite Statement (Dkt. 53), to which Plaintiffs have responded in opposition (Dkt. 57); and (4) Defendant Disc Force, Inc.'s Further Motion to Dismiss Count V (Dkt. 71), to which Plaintiffs have responded in opposition (Dkt. 79).

### *Background*

Plaintiff Axiom Worldwide, LLC ("Axiom LLC") manufactures and sells medical devices, including spinal decompression tables, bone densitometers, laser therapy devices, and cervical decompression devices. (Dkt. 34, ¶ 2). Effective January 3, 2006 Axiom LLC acquired the business

1

operations of Plaintiff Axiom Worldwide, Inc. ("Axiom, Inc."). (Dkt. 34, ¶¶ 1-2). In this action, Plaintiffs assert Lanham Act and state law claims based on Defendants' alleged false marketing of competing devices.

Plaintiffs originally brought this action against North American Medical Corporation ("NAM"), a competitor in the manufacture and sale of spinal decompression tables and cervical decompression devices (Dkt. 34, ¶¶ 3, 17), as well as NAM's corporate principal, Defendant Carlos Becerra, and various distributors and their corporate principals. The allegations against NAM in this case were substantially similar to counterclaims filed against NAM in a case currently pending in the Northern District of Georgia. Accordingly, the Honorable Jack T. Camp enjoined Plaintiffs from pursuing their claims against NAM in this case.[1] As a result, Plaintiffs dismissed NAM without prejudice from this action. (Dkt. 64).

This case remains pending against Becerra and the remaining Defendants, who are not parties to the Georgia litigation.[2] Defendant American Back Solutions ("ABS") manufactures spinal decompression devices through NAM and distributes the ABS line of spinal decompression devices. (Dkt. 34, ¶ 5). Defendant Ronald Sheppard is the corporate principal of ABS. (Dkt. 34, ¶ 6). Defendant Disc Force, Inc. ("Disc Force") sells a device manufactured by NAM, known as the Model D Disc Force. (Dkt. 34 ¶ 7). Defendants Gerald Mattia, D.C. and Eric Kaplan, D.C. direct the sales of the Model D Disc Force. (Dkt. 34, ¶¶ 8-9). Defendant Spinal Aid Centers of America, Inc. ("Spinal Aid") sells devices manufactured by NAM known as the Z Grav and Da Vinci. (Dkt.

---

[1] Judge Camp noted that: "this Court cannot ignore the implication that the Defendants' move appears to be one of legal gamesmanship to delay this action by beginning the proceedings again in another jurisdiction and to shop for a different forum." (N.D. Ga. Case No. 1:06-cv-1678, Dkt. 60 at 10).

[2] Although Becerra and American Back Solutions were originally named in Axiom LLC's counterclaims in the Geogia litigation (Dkt. 46-2 at 45), these claims were dismissed as improper (Dkt. 18-6 at 3-4).

34, ¶ 10). Defendant Frank Liberti, D.C. is the corporate principal of Spinal Aid. (Dkt. 34, ¶ 11). Defendant Spina Systems International, Inc. ("SSI"), which has not appeared in this action, sells a device manufactured by NAM known as the Accu-Spina. (Dkt. 34, ¶ 12).

First, Plaintiffs allege that although all Defendants represent their devices as "FDA cleared," NAM has obtained the requisite 510(k) premarket notification or "clearance" for only three devices: the Spina System on July 22, 2000, the Accu-Spina with cervical accessory on September 9, 2005, and the Model D Disc Force on April 3, 2008. (Dkt. 34, ¶¶ 18-21). Despite this, Plaintiffs claim that NAM, Becerra, and SSI falsely marketed the Accu-Spina device as cleared to treat neck pain prior to September 9, 2005. (Dkt. 34, ¶¶ 25, 30). Plaintiffs also allege that the following devices were marketed as FDA cleared when there were not: the DaVinci and Z Grav devices marketed by Spinal Aid and Liberti, the ABS and ABS Ultra devices marketed by ABS and Sheppard, and Model D Disc Force (before it obtained approval) marketed by Disc Force, Kaplan and Mattia. (Dkt. 34, ¶¶ 43-44). Finally, Plaintiffs allege that Becerra, SSI, ABS, Sheppard, Spinal Aid, and Liberti have advertised devices as "FDA approved," which is false. (Dkt. 34, ¶¶ 137, 144-45).[3]

Second, Plaintiffs allege that Defendants made various other false claims regarding their products. Plaintiffs allege that NAM, Becerra, SSI, Spinal Aid, Liberti, ABS, Sheppard, Disc Force, Kaplan, and Mattia falsely advertised their respective devices based on research conducted on other devices, including Plaintiffs' own devices. (Dkt. 34, ¶¶ 54, 58). In addition, Plaintiffs allege that Mattia, who formerly worked for Plaintiffs, began promoting NAM's products by advertising success he had treating professional athletes, when, in fact, he had used Plaintiffs' devices. (Dkt. 34, ¶¶ 60-61). With respect to NAM and Becerra, Plaintiffs further allege that they have falsely claimed that

---

[3] In response to Becerra's motion to dismiss, Plaintiffs clarify that FDA regulations prohibit representations that create "an impression of official approval." *See* 21 C.F.R. § 807.97.

3

their "IDD Therapy protocol" is patented, that only NAM's devices can provide IDD therapy, and that IDD Therapy protocol was created by doctors and neurosurgeons, when it was created by Becerra, who has no medical training. (Dkt. 34, ¶¶ 69-70, 78).

Third, Plaintiffs allege that certain Defendants disparaged Plaintiffs' products. Specifically, Plaintiffs allege that NAM and Becerra falsely represented that Plaintiffs' DRX 9000 device is dangerous and inaccurate, is based on old technology, uses components from a vendor that is no longer in business, uses a tension system that was designed for industrial use, and does not possess certain capabilities. (Dkt. 34, ¶¶ 67-68). Plaintiffs also allege that Spinal Aid and Liberti defamed Axiom LLC by publishing false statements on Spinal Aid's website that Axiom LLC has been "criminally charged" as a result of their advertising. (Dkt. 34, ¶ 57).

Finally, Plaintiffs allege that on June 30, 2003, NAM, Becerra, and Axiom, Inc. entered into a settlement agreement in which NAM and Becerra agreed to not make disparaging statements about Axiom, Inc. (Dkt. 34, ¶¶ 101, 107; Dkt. 34-2). Plaintiffs allege that NAM agreed to have its distributors, including ABS, Spinal Aid, Disc Force, and SSI, agree in writing to be bound by the non-disparagement provision. (Dkt. 34, ¶¶ 102, 108). Plaintiffs allege that based on the foregoing conduct, Defendants have breached the settlement agreement. (Dkt. 34, ¶¶ 104, 110).

Plaintiffs bring claims pursuant to the Florida Unfair and Deceptive Trade Practices Act ("FUDTPA") (Counts I-III), for breach of settlement agreement (Counts IV-VI), for false advertising under the Lanham Act (Counts VII-IX), and for defamation (Counts X-XI). There are four motions to dismiss currently pending, filed or joined in by all parties except SSI. Plaintiff Becerra moves to dismiss this case or stay it pursuant to Rule 12(b)(7) for failure to join NAM under Rule 19, which he contends is a necessary party to this litigation. Becerra also argues that the breach of settlement

agreement claims (Counts IV-VI) should be dismissed based on Plaintiffs' failure to adhere to an arbitration clause in the settlement agreement, and that the FUDTPA and Lanham Act claims (Counts I-III, VII-IX) should be dismissed as preempted by the FDA. Defendants Disc Force, Kaplan, Spinal Aid, and Liberti join in Becerra's motion. As set forth, this motion is denied.

Defendants ABS, Sheppard, Spinal Aid, Liberti, and Disc Force also moved to dismiss the breach of settlement agreement claims (Counts IV and V) for failure to state a claim, arguing that they could not have breached a settlement agreement to which they were not parties. As set forth, the motions to dismiss are granted as to these claims.

Defendants ABS and Sheppard move to dismiss the Lanham Act claims based on a typographical error, which is denied. Defendants Spinal Aid and Liberti move to dismiss the defamation claim for failure to adequately allege publication to a third party, which is also denied. Defendants ABS, Sheppard, Spinal Aid, and Liberti alternatively request a more definite statement of Plaintiffs' claims, which is denied.

## *Discussion*

### *A. Becerra's Rule 12(b)(7) Motion to Dismiss*

Defendant Becerra first moves to dismiss this case for failure to join NAM, which Becerra contends is a necessary party pursuant to Rule 19. Spinal Aid, Liberti, Disc Force, Inc., and Kaplan join in this motion.

In assessing whether a case should be dismissed for failure to join an indispensable party, the Court must first determine whether the person is a required party under Rule 19(a). A person is a required party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

5

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> Fed. R. Civ. P. 19(a)(1).

In making this determination, "pragmatic concerns, especially the effect on the parties and the litigation, control." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279-80 (11th Cir. 2003). If the person is a required party, and cannot be joined, the court "must analyze the factors outlined in Rule 19(b) to determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999). Defendants have the burden of demonstrating that NAM is an indispensable party. *See, e.g., Nottingham v. Gen. Am. Comm'cns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987).

First, Defendants have failed to show that the Court cannot accord full relief among the existing parties, under Rule 19(a)(1)(A). It is well-established that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990); Fed. R. Civ. P. 19, *Advisory Committee's Note*. Moreover, under Florida law, "if an officer, director, or agent commits or participates in a tort, whether or not his actions are by authority of the corporation or in furtherance of the corporate business, that individual will be liable to third persons injured by his actions, regardless of whether liability attaches to the corporation for the tort." *Special Purpose Accounts Receivable Coop. Corp. v. Prime One Capital Co.*, 125 F. Supp. 2d 1093, 1104 (S.D. Fla. 2000) (citing *First Fin. USA, Inc. v. Steinger*, 760 So.2d 996, 997-98 (Fla. 4th DCA 2000)). As a result, Rule 19 does not require joinder of principal and agent. *Nottingham*, 811 F.2d

6

at 880-81.[4]

Becerra argues that an exception to this long-standing rule applies "when the absent party emerges as an active participant in the allegations made in the complaint that are critical to the disposition of the important issues in the litigation." *Laker Airways, Inc.*, 182 F.3d at 848 (internal quotations omitted). In *Laker Airways*, the Eleventh Circuit determined that the interests of the party not joined, ACL, were "more significant than those of routine joint tortfeasor," because proof of the plaintiff's antitrust claims required plaintiff to demonstrate that ACL did not act in an independent manner. *Id.* This case, by contrast, does not involve an antitrust claim, and Plaintiffs' Lanham Act and FUDTPA claims do not require proof of NAM's activities. *See 2002 Irrevocable Trust for Richard C. Hvizdak v. Huntington Nat'l Bank*, No. 2:08-cv-556, 2008 WL 5110778, at *9 (M.D. Fla. Dec. 1, 2008). Moreover, while Defendants may be required to obtain evidence from NAM, this does not render it a necessary party. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188 (2nd Cir. 1999).

Second, Defendants have not shown that NAM has a protected interest in this litigation, as required by Rule 19(a)(1)(B). The only interest identified by Becerra is the possibility of NAM incurring vicarious liability. However, Rule 19 requires "a legally protected interest, and not merely a financial interest or interest of convenience." *Kenko Int'l, Inc. v. Asolo S.r.l.*, 838 F. Supp. 503, 506 (D. Colo. 1993) (quoting 3A James W. Moore et al., *Moore's Federal Practice* ¶ 19.07-1 [2.-0] at 19-99 (1993)). Moreover, Defendants have also not demonstrated that they are at risk of incurring double, multiple, or otherwise inconsistent obligations. "Inconsistent obligations occur when a party

---

[4] Defendant's precedent is therefore distinguishable. *See Spiller v. Tenn. Trailers, Inc.*, 97 F.R.D. 347, 349 (N.D. Ga. 1982) (finding retailer must be joined in products liability case because Georgia law *required* both the retailer and manufacturer to be joined).

is unable to comply with one court's order without breaching another court's order concerning the same incident." *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998). Defendants argue only that *NAM* is at such risk. However, the language of Rule 19 plainly applies only to existing parties, not NAM. *Nelligan ex rel. Estate of Proia v. Cmty. Gen. Hosp. of Sullivan County*, 240 F.R.D. 123, 125 (S.D.N.Y. 2007).[5]

Based on the foregoing, the Court finds that NAM is not a necessary party under Rule 19(a). *Cf. Nottingham*, 811 F.2d at 881 (finding agent was not necessary party to fraud, UDTPA, and breach of contract claims); *Microsoft Corp. v. Cietdirect.com LLC*, No. 08-cv-60668, 2008 WL 3162535, at *7 (S.D. Fla. Aug. 5, 2008). Because the threshold requirements of Rule 19(a) have not been met, the inquiry under Rule 19(b) is not reached. *Temple*, 498 U.S. at 8. Becerra's motion to dismiss pursuant to Rule 12(b)(7) is therefore denied.

### B. Rule 12(b)(6) Motions to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008). Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "raise a right to relief above the speculative level." *Id.* A conclusory statement of the elements of a cause of action will not suffice to state a claim under Rule 8. *Id.* A

---

[5] In this respect, Defendant's precedent is again distinguishable. *See DM II, Ltd. v. Hosp. Corp. of Am.*, 130 F.R.D. 469, 472 (N.D. Ga. 1989) (finding non-party partnership should be joined if feasible due to risk of exposing partners to multiple claims).

well-pleaded complaint, however, may survive a motion to dismiss even if it appears "that recovery is very remote and unlikely." *Id.* (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)).

*1. Doctrine of primary jurisdiction*

Becerra argues that Plaintiffs' Lanham Act and FUDTPA claims should be dismissed based on the doctrine of primary jurisdiction. The doctrine of primary jurisdiction "comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *Alpharma, Inc. v. Pennfield Oil Co.*, 411 F.3d 934, 938 (8th Cir. 2005). The doctrine allows "agencies pass in the first instance on technical questions of fact uniquely within the agency's expertise and experience, or in cases whose referral is necessary to secure uniformity and consistency in the regulation of business, such as issues requiring the exercise of administrative discretion." *Columbia Gas Transmission Corp. v. Allied Chem. Corp.*, 652 F.2d 503, 520 n.14 (5th Cir. 1981). The doctrine should be invoked only sparingly, however, as it often results in additional expense and delay. *Alpharma, Inc.*, 411 F.3d at 938.

With respect to Plaintiffs' claims that the Accu-Spina device was marketed for cervical use before it was cleared, Becerra argues that NAM "may very well not have needed clearance," apparently on the theory that a cervical attachment is a Class I "traction accessory" exempt from FDA premarket notification procedures. (*See* Dkt. 70 at 24 (citing 21 C.F.R. § 890.5925). Plaintiffs are alleging, however, that Defendants falsely advertised that the Accu-Spina *was* FDA cleared. Thus, the issue is not whether the Accu-Spina should have been FDA cleared, but whether Defendants' representations that it was FDA cleared were false. Moreover, Becerra fails to demonstrate, or even argue, that the district is not equipped to apply the traction accessory definition

9

to the instant case, or that consideration of this argument will require a technical or discretionary determination best left to the FDA.[6] *Alpharma, Inc.*, 411 F.3d at 939.

In short, a determination of whether NAM's devices were cleared and for what uses they were cleared is "well within the conventional experience of judges." *Id.*; *cf. Sandoz Pharms. Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 232 (3d Cir. 1990) (holding that plaintiff could not demonstrate that label was misleading where it labeled an ingredient "inactive" instead of "active," where FDA had not determined how demulcent ingredient was to be labeled). Becerra's motion to dismiss on this ground is therefore denied.

2.  *Breach of settlement agreement claims*

Becerra also moves to dismiss Plaintiffs' claims for breach of settlement agreement (Counts IV-VI) due to Plaintiffs' purported failure to comply with an arbitration provision in the settlement agreement. (Dkt. 78-2). As Plaintiffs argue however, the settlement agreement requires the party *defending* a claim to initiate arbitration. *See* Dkt. 78-2, ¶ 14 ("The arbitration shall be commenced by notice . . . . Such notice shall set forth in detail the basis for the party's assertion that there has *not* been a breach of the settlement agreement.") (emphasis added). Becerra fails to address this language in the instant motion. Based on the foregoing, Becerra's motion to dismiss Counts IV-VI is denied.

Disc Force, ABS, Sheppard, Spinal Aid, and Liberti also move to dismiss Counts IV and V on the ground that they were not parties to the settlement agreement, and Plaintiffs thus cannot state

---

[6] The regulations provide that "[a] traction accessory is a nonpowered accessory device intended for medical purposes to be used with powered traction equipment to aid in exerting therapeutic pulling forces on the patient's body." 21 C.F.R. § 890.5925(a).

Plaintiffs also allege that other unspecified devices differed electrically and mechanically from the previously approved devices and were converted from analog to digital, which required new clearances. (Dkt. 34, ¶¶ 38-40). Defendant does not claim that the nature of these allegations implicate the doctrine of primary jurisdiction.

10

a breach of contract claim against them. The Amended Complaint alleges that Plaintiffs, NAM, Becerra, and "others" entered into a settlement agreement, and that "NAM expressly agreed to have its distributors, such as [ABS, Spinal Aid, and Disc Force] agree in writing to be bound by the non-disparagement provision in the Settlement Agreement." (Dkt. 34, ¶¶ 101-102, 107-108). As a result, Plaintiffs alleges that ABS, Spinal Aid, and Disc Force are bound by the non-disparagement provision in the settlement agreement, and have breached this provision. (Dkt. 34, ¶¶ 102-104, 108-110).

The elements of a breach of contract action are (1) a valid contract, (2) a material breach, and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). "[T]o create a valid contract there must be reciprocal assent to a certain and definite proposition." *In re Donner's Estate*, 364 So. 2d 742, 749 (Fla. 3d DCA 1978); *Pozo v. Roadhouse Grill, Inc.*, 790 So. 2d 1255, 1260 (Fla. 5th DCA 2001). Thus, a contract cannot ordinarily bind one who is not a party. *Id.* Plaintiffs' Amended Complaint fails to allege a valid contract between Plaintiffs and Disc Force, ABS, and Spinal Aid. Nor do Plaintiffs allege the existence of other circumstances that would allow Plaintiffs to pursue a breach of contract action against non-parties. Accordingly, the parties' motions to dismiss Counts IV and V are granted.[7]

3.  *Lanham Act (Counts VII, VIII)*

Defendants ABS and Sheppard move to dismiss the Lanham Act claims based on Plaintiffs' incorrect citation to "§ 43(a)(1)(E)" of the Lanham Act, which is not a subsection within the Act. (Dkt. 34, ¶¶ 133, 151, 166). As Plaintiffs note, however, the Amended Complaint immediately cites to the correct United States Code provision codifying the Act, 15 U.S.C. § 1125(a)(1)(B). (*Id.*) This

---

[7] The Court thus does not reach the parties' alternate argument that Plaintiff Axiom LLC is not entitled to enforce the settlement agreement to which it is not a party.

adequately states Plaintiffs' claim, and Defendants' motion to dismiss is therefore denied.

4.   *FUDTPA (Counts I, II)*

Defendants ABS and Sheppard also move to dismiss Plaintiffs' FDUTPA claims for failure to specifically identify them in the allegations. Although this appears to be more properly argued in connection with their motion for more definite statement, the Court notes that the claims adequately plead specific conduct against ABS and Sheppard, including a deceptive act or unfair practice, causation, and actual damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). Specifically, Plaintiffs alleges that ABS and Sheppard have made false claims about NAM's devices, including their FDA clearances, rates of success, and treatment of atheletes, have made false claims about Plaintiffs' devices, and illegally sold cervical equipment prior to September 2005. (*See, e.g.*, Dkt. 34, ¶¶ 36, 38, 40-41, 44, 50, 52-55, 86). Plaintiffs allege that these acts gave ABS and Sheppard a competitive edge, which damaged Plaintiffs' business. (*See, e.g.*, Dkt. 34, ¶¶ 88). Defendants' motion is therefore denied.

5.   *Defamation (Count XI)*

Finally, Spinal Aid and Liberti move to dismiss Plaintiffs' defamation claim, which alleges that Defendants falsely stated on their website that Axiom LLC has been subject to criminal charges concerning its advertisement of the DRX 9000. A claim for defamation includes the following five elements: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). Moreover, a defamatory statement does not become actionable "until it is published or communicated to a third person" other than the plaintiff. *Am.*

*Airlines, Inc. v. Geddes*, 960 So.2d 830, 833 (Fla. 3d DCA 2007).

Defendants argue that Plaintiffs fail to identify the time frame of the publication and fail to identify any third parties to whom the statements were actually published. Plaintiffs have, however, alleged that the statement was published on Spinal Aid's website and that it continues to be published. (Dkt. 34, ¶ 175). Although nothing in this order addresses the merits of this claim, Plaintiffs' allegations are sufficient to state a claim pursuant to Rule 8. *See Rives v. Atlanta Newspapers, Inc.*, 139 S.E.2d 395, 398 (1964) (in applying single publication rule to newspaper, noting that "whether or not it is read is immaterial once it is shown that it was exposed to public view"); *cf. Renaissance Health Pub., LLC v. Resveratrol Partners, LLC*, 982 So. 2d 739, 742-43 (Fla. 4th DCA 2008) (finding personal jurisdiction based on similar allegations for defamation claim).

### C. Rule 12(e) Motions for More Definite Statement

In the alternative, ABS, Sheppard, Spinal Aid, and Liberti move for a more definite statement of Plaintiffs' claims. Rule 12(e) permits a party to move for a more definite statement when a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for more definite statement may not be used as a substitute for discovery. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

Spinal Aid and Liberti appear to challenge the fact that certain allegations in the Amended Complaint do not pertain to them specifically. While this is clearly the case, as there are eight other Defendants in this action, Spinal Aid and Liberti may answer these allegations within the parameters of Rule 8(b), governing denials. Similarly, as discussed, the Amended Complaint makes adequate allegations specific to ABS and Sheppard. In short, the Amended Complaint contains sufficient

13

factual allegations, which, when taken as true, "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555. The motions for more definite statement are therefore denied.

*Conclusion*

Based on the foregoing, it is **ORDERED**:

1) Carlos Becerra's Motion to Dismiss or in the Alternative for an Indefinite Stay (Dkt. 70) is **DENIED**.

2) Spinal Aid Centers of America, Inc. and Frank Liberti, D.C.'s Motion for More Definite Statement and Motion to Dismiss (Dkt. 50) is **GRANTED IN PART** to the extent that Counts IV and V are dismissed without prejudice.

3) American Back Solutions, Inc. and Ronald Sheppard, D.C.'s Motion to Dismiss First Amended Complaint or in the Alternative Motion for a More Definite Statement (Dkt. 53) is **GRANTED IN PART** to the extent that Counts IV and V are dismissed without prejudice.

4) Defendant Disc Force, Inc.'s Further Motion to Dismiss Count V (Dkt. 71) is **GRANTED IN PART** to the extent that Count V is dismissed without prejudice.

5) The motions are otherwise **DENIED**.

**DONE AND ORDERED** in chambers this 12th day of May, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record